IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES LESLIE BAILEY, AIS 187785, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-480-ECM-SMD |
| | ) | (WO) |
| CAPTAIN ROGERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

James Leslie Bailey, a prisoner proceeding *pro se*, filed this civil action on August 10, 2023. (Doc. 1.) Because Bailey neither submitted the filing fee for civil actions nor applied for leave to proceed *in forma pauperis*, the Court ordered him to do one or the other. (Doc. 2.) On August 21, 2023, Bailey applied for leave to proceed *in forma pauperis* (Doc. 3), after which the Court ordered him to submit information regarding the funds in his inmate account (Doc. 4). Bailey submitted that information to the Court on September 18, 2023. (Doc. 6.) On September 19, 2023, based on Bailey's inmate-account information, the Court issued an order directing him to pay an initial partial filing fee of $7.50 by October 3, 2023. (Doc. 7.) The Court specifically cautioned Bailey that his failure to comply with its order would result in a recommendation that his case be dismissed. (Doc. 7 at 2.) On October 3, 2023, upon motion by Bailey, the Court entered an order extending the deadline for Bailey to pay the initial partial filing to November 3, 2023. (Doc. 9.) The Court again cautioned Bailey that his failure to comply with the Court's orders would result in a recommendation that his case be dismissed. (Doc. 9 at 1.)

As of the date of this Recommendation, Bailey has not submitted the initial partial filing fee. Because Bailey has failed to pay an initial partial filing fee in compliance with the Court's orders of September 19, 2023, and October 3, 2023, the undersigned concludes that this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31.

Here, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co- Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that by **January 19, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 5th day of January, 2024.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE